UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| BRISTOL-MEYERS SQUIBB CO., <br><br> Petitioner, <br><br> - against - <br><br> NOVARTIS PHARMA AG, <br><br> Respondent. | **ORDER** <br><br> 22 Misc. 124 |

PAUL G. GARDEPHE, U.S.D.J.:

    Petitioner Bristol-Meyers Squibb Co. ("BMS") moves pursuant to Federal Rule of Civil Procedure 5.2(d) for leave to initiate a civil case under seal by filing a petition to confirm an arbitration award (the "Petition"). (See Motion (Dkt. No. 1))

    In support of its application, Petitioner states that, pursuant to (1) a confidentiality provision in an agreement between the parties and (2) a stipulated protective order entered in the arbitration proceedings, the Petition and supporting documents must be filed under seal. (See Pet. Br. (Dkt. No. 1-1) at 2)) In relevant part, the parties' agreement provides that neither party will "'disclose any terms of this Agreement to any third party without the consent of the other party." (Id. (quoting Agreement (Dkt. No. 1-5) § 9.4)) The parties' stipulated protective order states in relevant part that "[a]ll aspects of this arbitration are to be considered Confidential Information under the terms of this Protective Order." (Id. (quoting Protective Order (Dkt. No. 1-6) ¶ 10)

    Petitioner asserts that good cause for sealing exists, because "Novartis's counsel requested that BMS file [the Petition] under seal because the parties agreed to treat the arbitration and underlying agreement as confidential." (Id.)

A presumption of public access applies to "judicial documents," which are documents "'relevant to the performance of the judicial function and useful in the judicial process.'" Lugosch v. Pyramid Co. of Onondaga, 435 F.3d 110, 119 (2d Cir. 2006) (quoting United States v. Amodeo, 44 F.3d 141, 145 (2d Cir. 1995)). "Petitions to confirm arbitration awards, and their attendant memoranda of law and supporting documents, are 'judicial documents that directly affect[] the Court's adjudication' of the confirmation petition." Alexandria Real Estate Equities, Inc. v. Fair, No. 11 Civ. 3694 (LTS), 2011 WL 6015646, at *2 (S.D.N.Y. Nov. 30, 2011) (quoting Church Ins. Co. v. Ace Prop. & Cas. Ins. Co., No. 10 Civ. 698 (RJS), 2010 WL 3958791, at *3 (S.D.N.Y. Sept. 23, 2010)).

"[D]ocuments may be sealed if specific, on the record findings are made demonstrating that closure is essential to preserve higher values and is narrowly tailored to preserve that interest. Broad and general findings by the trial court, however, are not sufficient to justify closure." Lugosch, 435 F.3d at 120 (internal citation and quotation marks omitted).

Here, Petitioner contends that sealing is appropriate solely because the parties agreed to file under seal any papers associated with an arbitration proceeding. Confidentiality agreements alone are not an adequate basis for sealing, however. See, e.g., Bernsten v. O'Reilly, 307 F. Supp. 3d 161, 168 (S.D.N.Y. 2018) ("Courts in this district have long held that bargained-for confidentiality does not overcome the presumption of access to judicial documents.") (collecting cases); First State Ins. Co. v. Nat'l Cas. Co., No. 13 Civ. 704 (AJN), 2013 WL 8675930, at *1 (S.D.N.Y. Feb. 19, 2013) (denying motion to seal documents submitted in connection with a petition to confirm an arbitration award, because "[t]he assertion that disclosure violates a separate confidentiality order is insufficient"); Aioi Nissay Dowa Ins. Co. Ltd. v. ProSight Specialty Mmgt. Co., Inc., No. 12 Civ. 3274 (JPO), 2012 WL 3583176, at *6

(S.D.N.Y. Aug. 21, 2012) ("Respondents do not point to any specific information contained in the Final Award the disclosure of which would be harmful to any party. They simply argue that disclosure of the Final Award – which constitutes 'Arbitration Information' under the parties' confidentiality agreement – is inconsistent with the parties' agreement. However, while enforcement of contracts is undeniably an important role for a court, it does not constitute a 'higher value' that would outweigh the presumption of public access to judicial documents.").

Petitioner has also made no effort to present a "narrowly tailored" sealing request, as Lugosch requires. See Lugosch, 435 F.3d at 120. Petitioner instead seeks to seal the action in its entirety. (See Pet. Br. (Dkt. No. 1-1) at 2)

Absent a showing that sealing is "essential to preserve higher values" and that such sealing is "narrowly tailored to preserve that interest," Lugosch, 435 F.2d at 120 (quotation marks and citation omitted), a motion to seal cannot be granted.

Accordingly, Petitioner's motion to initiate a civil case under seal is denied. The Clerk of Court is directed to terminate the motion (Dkt. No. 1).

Dated: New York, New York  
      May 6, 2022

SO ORDERED.

_____  
Paul G. Gardephe  
United States District Judge, Part I